IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

```
VERA OPAL ELAINE ALLEN,         )
Executrix of the Estate of      )
Patrick R. Allen,               )
                                )
                Plaintiff,      )       4:10CV3055
                                )
        v.                      )
                                )
MICHAEL J. ASTRUE,              )       MEMORANDUM AND ORDER
                                )
                Defendant.      )
                                )
```

This matter is before the Court upon plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Filing No. 32). The application requests that a payment of $8,916.15 be made directly to plaintiff's attorney. The sum includes a fee of $7,718.60 for 43.65 hours of work by plaintiff's attorney, at an average hourly rate of $175.44, a fee of $380.75 for 20.65 hours of work by paralegals, at hourly rates of $25.00 and $15.00, and a fee of $816.80 for 25.48 hours of work by a law clerk, at hourly rates of $20.00 and $35.00. The Commissioner does not object to the payment of EAJA fees, and does not dispute the hourly rates plaintiff requests. The Commissioner, however, objects to the total amount of fees requested.

The Court has determined that plaintiff was indeed the prevailing party in this action, as the Commissioner's decision was reversed and the matter remanded for further proceedings; that the application for fees was filed in a timely fashion; and that the

position of the Commissioner was not substantially justified. Plaintiff therefore is entitled to an award of reasonable attorney'S fees.  *See* 28 U.S.C. § 2412(d)(1)(A).

The Court has a duty to make an independent evaluation of the reasonableness of the attorney's bill.  See *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Eighth Circuit has held that the court should scrutinize carefully the list of services performed and deny compensation for any hours which were not reasonably expended.  *See Hickey v. Secretary of Health & Human Servs.*, 923 F.2d 585, 586 (8th Cir. 1991).  This Court is familiar with the nature of this case, the issues it involves, and its result.  This Court has reviewed all filings related to plaintiff's application for attorney's fees and finds the time spent at the given rates by plaintiff's attorney and the paralegals and law clerk working for said attorney are reasonable.

With regard to the method of payment, the fee application was accompanied by an affidavit signed by plaintiff in which she personally requested that payment be made directly to her attorney in order to discharge her obligation under an attached fee agreement with her attorney.  *See* Filing No. 35, Exhibit 5.  EAJA relief may be paid directly to plaintiff's counsel where the plaintiff requested such payment.  *See Blacketer v. Astrue*, 4:06cv3156, Filing No. 33 at 2 (D. Neb. 2007).

IT IS ORDERED:

1. Plaintiff's application for relief under the Equal Access to Justice Act pursuant to sentence for remand (Filing No. 32) is granted.

2. By separate document, the Court shall enter judgment for plaintiff and against defendant, providing that plaintiff is awarded attorney fees of $8,916.15.

3. Payment of the attorney fee award shall be made to plaintiff's attorney, Stephen Speicher.

DATED this 24th day of June, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court